## Case No. 12,977.

### In re SMITH et al.

### [8 Blatchf. 461.] [1]

Circuit Court, N. D. New York. May 19, 1871.

BANKRUPTCY — DISCHARGE — WHO MAY OPPOSE — PROOF OF DEBT NOT FILED.

If a person appearing to oppose the discharge of a bankrupt be, in fact, a creditor, and that appears by the bankrupt's oath to his petition and schedules, in his voluntary petition to be adjudged a bankrupt, that is sufficient to admit him to so appear, and afterwards to file specifications of objections to the discharge, under general order No. 24, although he has not, at the time of the return of the order to show cause against the discharge, filed any formal proof of debt.

[In review of the action of the district court of the United States for the Northern district of New York.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[In the matter of Ananias F. Smith and Sidney Bickford, bankrupts.]

Francis Kernan, for bankrupts.

John Ganson, for opposing creditors.

WOODRUFF, Circuit Judge. In this proceeding, the bankrupts, who were so declared upon their voluntary petition, had, as they allege, complied with all the provisions of the bankrupt act [of 1867 (14 Stat. 517)], and, upon that allegation, they applied for their discharge. On that application, an order was made requiring their creditors to show cause on the 22d of November, 1870, why a discharge should not be granted. On that day, William P. McLaren and another, composing the firm of William P. McLaren & Co. appeared to oppose the granting of such discharge. They had not, at that time, filed any proof of their debt, but such proof had, on the previous day, been made in Wisconsin, where they resided, and proof was thereafter, on the 26th of November, duly made, in this district; and, on the 30th of November, they filed their specification of objections to the granting of such discharge, as required by the 24th of the general orders in bankruptcy. On behalf of the bankrupts, a motion was made in the district, that the specification of the grounds of opposition to the discharge be struck out, and a discharge be granted, on the ground that the said McLaren & Co. had not proved their debt at the time when they appeared, pursuant to the order to show cause, on the 22d of November, and that, on that day, an order of reference was made to a register, to report whether the bankrupts were entitled to their discharge, and, on the 28th of the said month, the said register had reported that the bankrupts were entitled to their discharge which report was filed on the 30th, the same day on which the aforesaid specification was filed. It, however, appears, (according to the answer of the said McLaren & Co. to the petition of review,) that, by the petition of the bankrupts praying that they be adjudged bankrupts, and in the schedules thereto annexed, the said McLaren & Co. are sworn to be creditors, to the amount of $882.85. The district court denied the motion to strike out the specification of their grounds of objection to the granting of a discharge, and, by petition of the bankrupts, this court is asked to review and reverse the decision of that court.

For purposes affecting the rights of the creditors of a bankrupt as among themselves, and, especially, such as relate to the distribution of the assets, no one is regarded as a creditor, who has not filed proof of his debt, in the manner prescribed by the law. This is important, in order to prevent fraudulent claimants from injuriously affecting the rights of bona fide creditors, and to prevent collusion between the bankrupt and pretended creditors, to whom, in fact, nothing is due. But, as between the bankrupt himself and an alleged creditor, no such rule is essential for

any purpose, except that the orderly conduct of the proceeding makes it proper that the bankrupt should not be put to litigation and expense with third parties who have no interest in the subject. If the person appearing to oppose the discharge of the bankrupt be, in fact, a creditor, and that appears by the bankrupt's oath to his own petition and schedules, that is enough, as against the bankrupt, to warrant the creditor in so appearing. In proceedings in voluntary bankruptcy, the very first step taken by the bankrupt is to state, under oath, all his debts, and to whom due, &c., (section 11). Notices are to be served on all who are so declared by him to be creditors. True, no such creditor can take part in the choice of an assignee, or interfere with the administration of the assets, or receive a dividend therefrom, until he has proved his debt. This, as already suggested, is for the protection of bona fide creditors. But such creditor is not barred of his right to prove his debt, nor is his debt deemed extinguished by neglect to prove it at any stage of the proceedings. When the thirty-first section declares, that any creditor opposing the discharge of any bankrupt may file a specification in writing of the grounds of his opposition, it does not, in terms, nor by any necessary implication, confine the privilege to such as have already made formal proof, entitling them to dividends. The twenty-ninth section directs, not only that notice of the bankrupt's application for a discharge shall be given, by mail, to all creditors who have proved their debts, but that it shall also be published in such newspapers as the court shall designate, &c. The application for the discharge, and the proceedings thereupon, provided for in the twenty-ninth and thirty-first sections, are matters strictly between the bankrupt and his creditors, or any one of them, seeking to oppose. There is, therefore, no reason why the bankrupt's sworn admission that the party appearing to oppose is his creditor, should not, in that controversy, be taken to be true, and to give such party a standing in court, for the purposes of such opposition. If the bankrupt has thus admitted the debt, he may properly be affected by such admission, and no other creditor is prejudiced by allowing such admitted creditor to oppose the discharge. Nothing in rule 24, of the general orders in bankruptcy, conflicts with this view.

I can see that cases may often arise, in which persons who are confessedly creditors of the bankrupt may properly choose not to prove their debts, so as to share in the assets, or commit themselves to any acquiescence in the bankrupt's proceedings, and yet may and ought to be permitted to resist his endeavor to obtain a discharge from the debts he owes to them. True, the court will not permit a stranger to intervene, but the proof which should satisfy the court of the right of a party to oppose a discharge need not involve the formal proof which brings the creditor to a participation in the bankrupt's estate.

By section 34 of the act, any creditor whose debt was either proved or provable, may apply to set aside and annul a discharge already granted, and he may set up and prove, as grounds of avoidance, the acts of the bankrupt which, in section 29, are declared grounds for refusing the discharge in the first instance. There is equal reason for permitting all creditors whose debts are either proved or provable to appear and oppose the granting of the discharge when applied for. Section 34, therefore, tends to show, that the creditor mentioned in sections 29 and 31, is not merely a creditor who has proved his debt, but any creditor whose debt is either proved or provable against the estate.

The circumstance that the register reported that the bankrupts had complied with the provisions of the act, is of no importance. The objections to the discharge are addressed to the court, and, on specifications being filed, they are to be tried as the court may direct.

The order sought to be reviewed was, I think, correct, and it must be affirmed, with costs.